# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT PIERCE DIVISION

CASE NO. 2:19cv14278

SFR SERVICES LLC,
(a/a/o Jeanne McDonald
and Lucien McDonald),

   Plaintiff,

vs.

GEOVERA SPECIALTY INSURANCE
COMPANY,

   Defendant.
_____/

## NOTICE OF REMOVAL

     Defendant, GEOVERA SPECIALTY INSURANCE COMPANY ("GEOVERA"), hereby files its Notice of Removal of that certain cause of action now pending in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, styled *SFR SERVICES LLC, (a/a/o Jeanne McDonald and Lucien McDonald) vs. GEOVERA SPECIALTY INSURANCE COMPANY*, Case No. 2019CA001263, stating as follows:

     1.    GEOVERA is incorporated under the laws of Delaware with its principal place of business located in California.  Therefore GEOVERA is a Citizen of Delaware and California.

     2.    GEOVERA is a surplus lines insurer in the State of Florida.  GEOVERA is a Defendant in the above-styled cause. *See Florida Office of Insurance regulation website* *https://www.floir.com/CompanySearch/each_comp.aspx?IREID=102515&AUTHID=102515&FICTNAME=&CCRCNAME=&passCompanyType=SURPLUS%20LINES&passCompanyName=GEOVERA%20SPECIALTY%20INSURANCE%20COMPANY* attached here as Exhibit "A."

7446878v.1

3. This action was commenced in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, and service of process was effected on GEOVERA on July 19, 2019.

4. This is a civil action brought by Plaintiff, *SFR SERVICES LLC, (a/a/o Jeanne McDonald and Lucien McDonald)* ("Plaintiff") seeking to recover damages in excess of $15,000, plus interest, costs, and attorney's fees under a contract for insurance issued by GEOVERA to Jeanne McDonald and Lucien McDonald. *See Plaintiff's Complaint attached hereto as Exhibit "B".*

5. GEOVERA issued a homeowners insurance policy bearing policy number GH80013258 to Jeanne McDonald and Lucien McDonald Plaintiff for real property located at 599 SE Nome Drive, Port St. Lucie, Florida 34984.

6. According to the Complaint, Plaintiff is seeking payment of losses incurred to real property for a loss sustained on June 18, 2018, which Plaintiff alleges is owed under the subject insurance policy, plus attorney's fees, costs and interest. *See paragraphs 5, 10, and 13 of Plaintiff's Complaint attached hereto as Exhibit "B".*

7. GEOVERA investigated the claim and concluded that some of the claimed damage was not covered under the policy. The remaining portion of the damages were covered and payment in the amount of $4,834.35 was issued to the Insured. As a result there are no additional benefits due and owing.

8. GEOVERA received an estimate for repairs from Plaintiff, SFR Services, LLC, and their assignment of benefits contract which is also attached to Plaintiff's Complaint, in the amount of $144,082.98. *See Plaintiff's estimate attached hereto as Exhibit "C". See also Plaintiff's Assignment of Benefits Contract attached hereto as Exhibit "D".* After applying the deductible is

$1,000.00, and prior payment in the amount of $4,834.35, the total amount damages Plaintiff is seeking is $138,248.63.

9. Based on the allegations contained in the Complaint, specifically paragraphs 10, 13 and 14, which state that GEOVERA was provided with assignment of benefits contract and Plaintiff's estimate, and GEOVERA has failed to pay Plaintiff all assigned proceeds, due and owing under the Policy. *See paragraphs 10, 13, and 14 of Plaintiff's Complaint attached hereto as Exhibit "B"*. Therefore, it appears that Plaintiff is alleging that $138,248.63 is owed to it. GEOVERA denies this allegation and disputes that any additional amount is owed to Plaintiff.

10. The Diversity of each member of an LLC must also be established. Based on Plaintiff's amended annual report filed in June 2019, there is one member of the LLC, Ricky McGraw. *See Plaintiff's Amended Annual Report dated June 28, 2019 filed with the Florida Secretary of State attached hereto as Exhibit "E."*

11. "Citizenship," or domicile," is determined by two elements: (1) physical presence within a state; and (2) the mental intent to make a home there indefinitely. *Mississippi Band of Choctaw Indians*, 490 U.S. at 48, 109 S.Ct. at 1608; *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939); *Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir.1984)

12. In determining domicile, a court should consider both positive evidence and presumptions. *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 352, 22 L.Ed. 584 (1874). One such presumption is that the state in *which a person resides at any given time is also that person's domicile. District* of Columbia v. Murphy, 314 U.S. 441, 455, 62 S.Ct. 303, 309–10, 86 L.Ed. 329

(1941); Stine v. Moore, 213 F.2d 446, 448 (5th Cir.1954). *See generally 13B Charles Ala Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3612*

13. Facts frequently taken into account include but are not limited to: current residence; residence of family and dependents; place of employment and name of business; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in church, clubs, and business organizations; driver's license and automobile registration; and payment of taxes. *Garcia v. American Heritage Life Ins. Co.*, 773 F.Supp. 516, 520 (D.P.R.1991); 13B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3612.

14. Ricky Lynn McGraw along with Matthew Jordan McGraw, jointly own real property located at 9209 Short Chip Circle, Port Saint Lucie, Florida 34986. Therefore, Ricky Lynn McGraw is a citizen of Florida. *See Ricky Lynn McGraw's property deed attached hereto as Exhibit "F."*

15. At the time when the suit was instituted and at all times material to this action, Plaintiff, was a Citizen of Florida. At the time when this action was commenced and at the present time and at all times material to this action, GEOVERA was and is a corporation organized and existing under the laws of the State of Delaware, and having its principal place of business in California, and thus a citizen of Delaware and California. Complete diversity exists between the parties in accordance with 28 U.S.C. §1332.

16. The matter in controversy herein exceeds the sum of $75,000.00, exclusive of interest, attorney's fees and costs. This fact is demonstrated by the extent of damage claimed by the Plaintiff's Complaint, and Plaintiff's estimate in the amount of $138,248.63.

17. Copies of all process, pleadings and orders served upon GEOVERA, and such other papers or exhibits as are required by Local Rules of Court, are filed herein, with the exception of discovery served with the Complaint.

WHEREFORE, Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, prays that this Honorable Court exercise jurisdiction over this matter.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on **August 8th, 2019**, a true and correct copy of the foregoing was sent via CM/ECF to: **Paris R. Webb, Esq.**, of **Arnesen Webb**, at paris@insurancelawyers.org, and eservice@insurancelawyers.org, Attorney for Plaintiff.

Wilson Elser Moskowitz Edelman & Dicker LLP

By: _Nyasha S. Seale_____
NYASHA S. SEALE, ESQUIRE
Florida Bar No. 098771
LUCIE A. ROBINSON, ESQUIRE
Florida Bar No. 113088
nyasha.seale@wilsonelser.com
lucie.robinson@wilsonelser.com
jennifer.johns@wilsonelser.com
111 North Orange Avenue, Suite 1200
Orlando, Florida 32801
Telephone: (407) 203-7570
Facsimile: (407) 648 - 1376
Attorneys for Defendant, GEOVERA
SPECIALTY INSURANCE COMPANY

7446878v.1